BENJAMIN B. WAGNER
United States Attorney
AUDREY B. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>LAURA MARIE PEZZI,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:15-CR-190 GEB AC<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER |

WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this matter, or to defendant LAURA MARIE PEZZI in this case as provided below;

WHEREAS, the sensitive but unclassified discovery materials at issue include information pertaining to victims or potential victims in this case, including personal identifying information, identification documents such as driver's licenses, social security cards, a birth certificate, and access device numbers such as credit card numbers;

WHEREAS, such sensitive but unclassified discovery materials shall be identified as sensitive and subject to a protective order at the time of disclosure, whether on the documents or other materials (e.g., CDs/DVDs) themselves or in an accompanying cover letter;

WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a private agreement is not appropriate in light of the nature of the information at issue and the charges in

1

1  this case; and

2  WHEREAS, the defendant, LAURA MARIE PEZZI, has counsel ("Defense Counsel") who
3  wishes the opportunity to review the discovery;

4  Defendant LAURA MARIE PEZZI and plaintiff United States of America, by and through their
5  undersigned counsel of record, hereby agree and stipulate as follows:

6  1.  This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of
7  Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

8  2.  This Order pertains to all discovery provided to or made available to Defense Counsel
9  that is identified as sensitive and subject to a protective order in this case (hereafter, collectively known
10 as "the protected discovery").

11 3.  Defense Counsel shall not disclose any of the protected discovery to any person other
12 than the defendant, or attorneys, law clerks, paralegals, secretaries, experts, and investigators, involved
13 in the representation of his client.  At no time shall the defendant be permitted to review the protected
14 discovery outside of the presence of her attorney, and Defense Counsel shall not leave any of the
15 protected discovery with defendant at the jail or other institution where that defendant is being held in
16 custody.  Defendant may review the protected discovery outside the presence of her attorney if Defense
17 Counsel redacts sensitive information from that discovery and obtains advance approval from counsel
18 for the United States of America to share a redacted version of that discovery with Defendant.

19 4.  The protected discovery and information therein may only be used in connection with the
20 litigation of this case and for no other purpose.  The protected discovery is now and will forever remain
21 the property of the United States Government.  Defense Counsel will return the discovery to the
22 Government or certify that it has been shredded or otherwise destroyed at the conclusion of the case, or
23 a later time as appropriate.

24 5.  Defense Counsel will store the discovery in a secure place and will use reasonable care to
25 ensure that it is not disclosed to third persons in violation of this agreement.

26 6.  If Defense Counsel releases custody of any of the protected discovery, or authorized
27 copies thereof, to any person described in paragraph (3), Defense Counsel shall provide such recipients
28 with copies of this Order and advise that person that the protected discovery is the property of the United

States Government, that the protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the protected discovery may constitute a violation of law and/or contempt of court.

7. In the event that the defendant obtains substitute counsel, undersigned Defense Counsel agree to withhold the protected discovery from new counsel unless and until substituted counsel agrees to be bound by this Order.

8. Defense Counsel shall be responsible for advising her client, employees, and other members of the defense team of the contents of this Stipulation/Order.

IT IS SO STIPULATED.

Dated: September 25, 2015                     Respectfully submitted,

                                              BENJAMIN B. WAGNER
                                              United States Attorney

                                        By:   /s/ Audrey B. Hemesath
                                              AUDREY B. HEMESATH
                                              Assistant U.S. Attorney


                                        By:   /s/ Toni White
                                              TONI WHITE
                                              Counsel for LAURA MARIE PEZZI

**ORDER**

IT IS SO FOUND AND ORDERED.

DATED: September 25, 2015

                                              _____
                                              ALLISON CLAIRE
                                              UNITED STATES MAGISTRATE JUDGE