UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAURA MARIE PEZZI,<br><br>Defendant. | No. 2:15-CR-00190-MCE<br><br>**ORDER** |

Defendant Laura Marie Pezzi ("Defendant") pled guilty to making a false writing in imitation of a lending association document in violation of 18 U.S.C. § 493. She was sentenced on February 1, 2019, to forty-nine (49) months of imprisonment. Presently before the Court is Defendant's Motion to Vacate and/or Reduce Sentence. ECF No. 587. The Government opposes Defendant's request. ECF No. 606. For the reasons that follow, her Motion is GRANTED.

Defendant contends that "extraordinary and compelling circumstances" exist such that she should be released prior to her current anticipated release date in October 2022. More specifically, according to Defendant, "[she] qualifies for compassionate release due to the compelling circumstance of the coronavirus pandemic along with her age and her medical vulnerabilities." Def. Mot. at 1-2. "[Defendant] has underlying health conditions—including severe asthma and arthritis—that, along with her age,

1

dramatically increase the risk of serious illness if she becomes infected with COVID-19." Id. at 2. She avers that her "asthma is severe enough to have hospitalized her in the past and requires three medications multiple times a day to control." Id. at 6. Moreover, "[Defendant] also has severe allergies and has been prescribed an epi-pen for emergencies." Id. Finally, "[Defendant] also suffers from Rheumatoid Arthritis, an auto-immune disease, which may render her more susceptible to infection." Id. "She requires multiple medications to manage her conditions, including two inhalers to help her breathe and anti-inflammatory medication for her arthritis." Under certain circumstances, medical conditions such as these may warrant an earlier release from custody.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)).  Those circumstances are delineated in 18 U.S.C. § 3582(c).  "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated administrative procedures, to file a motion with the district court for compassionate release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—
> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), she is only "entitled to relief if she demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) she is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

> (A) Medical Condition of the Defendant.
>
> . . . .
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

Here, Defendant contends she suffers from serious physical or medical conditions that make her particularly vulnerable to COVID-19 such that she qualifies for release. The Court agrees.

Accordingly, upon motion of the Defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, it is hereby ordered that Defendant's Motion (ECF No. 587) is GRANTED. Defendant's previously imposed sentence of imprisonment of forty-nine (49) months is hereby reduced to TIME SERVED.

This order is stayed for up to fourteen days, for the verification of Defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release.  Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

Under 18 U.S.C. § 3582(c)(1)(A), Defendant is ordered to serve a "special term" of supervised release of twelve (12) months.

Defendant's previously imposed conditions of supervised release apply to the "special term" of supervision, with the following modification:

> Defendant shall be monitored for a period of six months, with location monitoring technology, which may include the use of radio frequency (RF) or Global Positioning System (GPS) devices, at the discretion of the probation officer.  Defendant shall abide by all technology requirements and shall pay the costs of location monitoring based upon their ability to pay as directed by the probation officer.  In addition to other court-imposed conditions of release, Defendant's movement in the community shall be restricted as follows:

> The defendant shall be restricted to her residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer; (Home Detention).

The Clerk of the Court is directed to serve this order on the United States Marshals Service and the Bureau of Prisons.

IT IS SO ORDERED.

Dated:  October 16, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE